UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

RONALD H. HOBSON                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 5:15CV-64-TBR

MITCH McCONNELL                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Ronald H. Hobson's *pro se*,

*in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the

action will be dismissed.

**I.**

Plaintiff titles his action as "Claim for Damages and Relief of Ongoing Damages as

Caused by Both Action and Inaction Including Discrimination Through Unequal Justice and

Representation" (DN 1, emphasis omitted).  He claims that the sole Defendant, Kentucky

Senator Mitch McConnell:

> or his agents, knowingly and deliberately accepted a false reply to a
> senatorial inquiry aiding in the covering up of a prescription refill error that
> turned into deliberate attempted homicide in order to hide negligence of a
> Veteran's Affairs Medical Practitioner at the Paducah CBOC Facility and to
> assist in hiding the fact OIG has no accountability at all over Paducah and
> Mayfield CBOCs allowing for the murder, attempted murder, and deliberate
> ongoing torture and abuse of his constituent veterans, namely, Ronald
> Hobson in this proceeding.

He further claims that Senator McConnell, "or his agents, refused to communicate or provide

support any longer after receiving the 'Officially' provided misrepresentations of facts from

VISN 15 and Marion VAMC."  As relief, Plaintiff seeks $250,000 in damages from Defendant

for pain and suffering and a $1,000,000 donation to Western Kentucky veterans.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review his amended complaint under 28 U.S.C. § 1915(e).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff sues Defendant, a United States Senator, for money damages for "accept[ing] a false reply to a senatorial inquiry."  However, "[i]t is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities."  *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998).  Constitutional immunity provided by "the Speech or Debate Clause protects all lawmaking activities undertaken in the House and Senate," including "actions taken in committee hearings, proceedings, and reports, or by vote, even though not always literally 'words spoken in debate.'"  *Chastain v. Sundquist*, 833 F.2d 311, 314 (D.C. Cir. 1987) (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880)).  Therefore, the doctrine of legislative immunity bars Plaintiff's claim having to do with a senatorial inquiry.[1]

---

[1] Even if the Court were to construe this claim to be against the United States as arising under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, legislative immunity would still apply.  *See* 28 U.S.C. § 2674 ("With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon . . . legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.").

Because Plaintiff is seeking damages from a party immune from such relief, the Court will dismiss this action by separate Order.

Date:

cc:     Plaintiff, *pro se*
4413.005